THE STATE OF MONTANA EX REL. CHARLES R. LEE, RELATOR, *v.* THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF LEWIS AND CLARK, AND THE HONORABLE VICTOR H. FALL, JUDGE THEREOF, RESPONDENTS.

No. 10855

Decided September 16, 1964.

395 P.2d 243

John J. McCarthy (argued), Butte, for relator.

Douglas Drysdale (argued), Bozeman, Donald Garrity (argued), Helena, for respondents.

PER CURIAM:

Original proceeding. This is a petition for a writ of supervisory control, or other appropriate writ, filed by Charles R. Lee, as relator, seeking the issuance of such appropriate writ to the district court of Lewis and Clark County and the district judge thereof. The petition was filed on September 10, 1964, and an ex parte hearing had before this court on that day.

This proceeding arises from an action filed in the district court, being cause No. 30071, entitled The STATE OF MONTANA, on the relation of GERALD K. THRUSH, Plaintiff & Relator, vs. FRANK MURRAY, as Secretary of State of the State of Montana, Defendant & Respondent, in which action it was sought to enjoin the Secretary of State from certifying the name of the said Charles R. Lee as a candidate for Governor of the "Montana Independent Development Party" in the coming general election. Because the general election occurs on November 3, 1964, and the Secretary of State being required under the law to certify the names of candidates 45 days prior thereto, the necessary time for appeal or other statutory procedure is obviously not available.

This petition for an appropriate writ prays, in part, "that an alternative writ of supervisory control or other appropriate writ issue out of and under the seal of this Court, directed to the District Court * * * commanding and directing that the order and judgment of said District Court * * * be cancelled, annulled, and set aside, and that said District Court and Judge be directed to dismiss said proceedings with prejudice and to be prohibited from taking any other proceedings therein * * *."

The court being unable to determine from the state of the record before it whether or not any relief was proper, and being aware that if any form of relief were proper it would have to be immediately forthcoming, on September 11, 1964, requested the Attorney General to secure a transcript of the proceedings in the district court and the original district court file in cause No. 30071, for our examination and reference. We further requested that copies of the relator's petition here be served upon the Attorney General and upon counsel for the relator in the district court action, and that all counsel involved in the district court proceedings be prepared by brief and to support by oral argument their respective positions with regard to contended fact situations and legal questions

posed from the petition and ex parte hearing. The matter was continued until September 14, 1964, to afford counsel such opportunity and they were requested to be present on that date to inform the court upon all matters involved in this proceeding.

The Attorney General furnished us with a transcript of the proceedings, the district court file was made available, and counsel for all parties furnished the court with extensive briefs and appeared in oral argument as requested, and the court now having the benefit of the record of the district court proceedings, including the exhibits introduced therein, and being advised in the premises;

It appears in the state of the record now before the court that the relator has failed to establish cause for the relief sought.

It is therefore ordered that the application be denied and the proceeding be dismissed.